DEOGRACIAS SANTIAGO CRUZ, ETC., Plaintiff and Appellant, *v.* FRANCISCO HERNÁNDEZ ANDINO, ETC., Defendant and Appellee.

No. R-63-175.     Decided January 29, 1965.

*José T. Marrero Rivera* and *Noel Colón Martínez* for appellant. *Guillermo Bauzá* and *M. Bauzá Colón* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Finding No. 2 of the Superior Court reads as follows:

"On the aforementioned date minor Francisco Hernández Lebrón, son of defendant Francisco Hernández Andino, under whose custody and *patria potestas* he lived, was driving a motor vehicle license plate No. 702-303 on the Río Piedras-Fajardo road; on reaching kilometer 18.8 he ran over minor Doris

Ivette causing her death. The sole and direct cause of this tragic accident was the negligence of minor Francisco Hernández Lebrón; negligence consisting in driving at a speed exceeding that permitted by law and invading the safety zone where the girl was standing. To that date Doris Ivette was a girl of keen intelligence; she was doing very well in the first grade in school and was dearly loved by her parents. She was eight years old."

The complaint states the facts, alleges damages and prays for judgment of $25,000. After the proper hearing the trial court made the following conclusions of law:

"1. The provisions contained in §§ 1802 and 1803 of the Civil Code are not applicable to defendant in this case, inasmuch as the evidence shows that prior to the accident he always employed all the diligence of a good father of a family to avoid faulty acts on the part of his son which could cause damages to other persons."

"2. The criminal acts of the minor were not due to a lack of surveillance, reprimand, discipline and education on the part of the father. Juridically, defendant is liable not for his son's fault—unquestionable in this case—but for his own fault, which, in the light of the circumstances which characterize the facts under consideration, does not exist. In this manner the *juris tantum* presumption of guilt pending against him was overcome."

In accordance with the conclusions of law reached by the court, it dismissed the complaint and imposed costs to plaintiff. Plaintiff assigns three errors. The first two are directed to challenging the conclusion of the court in the sense that no civil liability exists in this case on the basis of §§ 1802 and 1803 of the Civil Code, 31 L.P.R.A. §§ 5141 and 5142, and in the third error he invokes the liability which accrues from the Vehicle and Traffic Law.

■ Concerning the third error mentioned defendant adduces that it is now on appeal, that plaintiff invokes, as we mentioned before, the liability ensuing from the Vehicle and Traffic Law, and he urges us to disregard it. We do

not agree. Years ago, in *Piovanetti* v. *Vivaldi*, 80 P.R.R. 108, 121 (1957), we stated that the general rule that this Court will not consider or decide on appeal any question not raised or decided by the court from whose judgment the appeal has been taken is not an unbreakable dogma but it has many exceptions and limitations. Such principle, we pointed out in the case cited, should be applied with great caution avoiding the strictness and inflexibility of an automatic rule. Pound, Appellate Procedure in Civil Cases 133–135, 298–304, 387–388 (1941); *Raising New Issues on Appeal*, 64 Harv. L. Rev. 652 (1951). Undoubtedly, we stated therein, that we must discard the outmoded theory that an appellant may never change, on appeal, his theory of the case. We stated that such theory constitutes only a ritual which is inconsistent with the need of deciding the cases on the merits. See also, in the same sense, *Morales* v. *Metropolitan Packing & Ware. Co.*, 86 P.R.R. 3 (1962). We could not, without failing in our duty of administering justice, refuse to consider whether there is civil liability in this case on the basis of legislation on vehicles and traffic, which legislation was expressly enacted for, among other things, situations like the one in the case at bar.

In *Dávila* v. *Valdejully*, 84 P.R.R. 97, 100 (1961), we stated that it is the duty of every court to see that justice is imparted to whomever is entitled to it, according to the sound discretion of the judge; and in *Coll* v. *Sec. of the Treas.*, 82 P.R.R. 26, 36 (1960), we stated that there is nothing to prevent us from ascertaining on appeal or review, at the party's request or on our own initiative, that there is in fact another valid and adequate legal ground to uphold the fundamental contention raised by a party in a suit.[1] The Rules of Civil Procedure provide (Rule 44.3)

---

[1] In a certain sense, we could say that the theory of plaintiff-appellant is the same as that held in the trial court: that the father is, from a civil

that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. . . ."

As we stated in *Cordero Santiago v. Lizardi Caballero*, 89 P.R.R. 148 (1963), "The advent of the automobile with the consequent hazards in its operation and driving to life and property created a community problem which called for legislative action." We must, therefore, turn to the provisions of vehicles and traffic legislation. Offhand it is convenient to clarify that the applicable law is not Act No. 141 of July 20, 1960, 9 L.P.R.A. § 301 *et seq.*, as appellant mistakenly believes, but Act No. 279 of April 5, 1946, 9 L.P.R.A. § 171 *et seq.* This is so because the accident occurred on March 28, 1960 when the Automobile and Traffic Act of 1946 was in effect and not Act No. 141 of July 20, 1960, known as the Vehicle and Traffic Law. Act No. 141 of 1960 repealed Act No. 279 of 1946.[2] Having made it clear that the applicable law is the Act of 1946 let us see what its provisions were concerning this matter. In its § 7(e) it provided:

"No license shall be issued to any person under sixteen (16) years of age. A driver's license may be issued to a person between the ages of sixteen (16) and eighteen (18) years, to drive his own automobile or that of the person under whose *patria potestas* he may be, when said automobile is used in private service. In such cases the person under whose *patria potestas* said minor may be, shall, in a document presented to the Secretary, make himself liable for all fines that may be imposed on the driver for any violation of sections 171–193

standpoint, liable for the negligence of his minor son driving a car; that what changes is the law applicable to the case and that such is a question which we might well determine on appeal. However, we prefer the view we have adopted in the text of this opinion.

[2] For a history of legislation on the civil liability of the owner of a motor vehicle in these cases, see *Cordero Santiago v. Lizardi Caballero*, 89 P.R.R. 148 (1963).

of this title, *and to pay for all damages said driver may cause.* Otherwise, no license shall be issued to persons under eighteen (18) years of age." 9 L.P.R.A. § 177(e), (1954 ed.). (Italics ours.)

■ The letter of the law is clear. In order for a driver's license to be issued to a person between the ages of 16 and 18 years it was (and is, under the present law) necessary that the person under whose *patria potestas* the minor may be, shall sign a document making himself liable for all fines that may be imposed on the driver for any violation of the Automobile and Traffic Act and to pay for all damages said driver may cause. It is easy to understand that the rationale of this rule is that usually persons under 18 years of age are insolvent and in the absence of said provision persons injured by them when driving motor vehicles[3] would be left defenseless. The evidence shows that defendant, father with *patria potestas* over the minor in this case, signed the corresponding document. Tr. Ev. 6–7. The conclusion is inescapable. The trial court having concluded that the unquestionable, direct and sole cause of the death of Doris Santiago Mújica was the negligence of minor Francisco Hernández Lebrón and considering the provisions of law concerning that matter, defendant is liable for damages caused to Doris' parents.

The judgment entered in this case by the Superior Court on June 12, 1963 will be reversed and judgment entered sustaining the complaint and ordering defendant to pay to Deogracias Santiago Cruz and Mercedes Mújica Pérez the amount of twelve thousand dollars for damages, plus costs, including the ones for this proceeding, and five hundred dollars for attorney's fees.

---

[3] For the provision of the law in effect see 9 L.P.R.A. § 653(b). Act No. 141 of July 20, 1960, § 3-103.